Shiva S. Davoudian, Bar No. 232771
sdavoudian@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
Telephone:   310.553.0308
Facsimile:   800.715.1330

Lauren Manso, Bar No. 331874
lmanso@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone:   213.443.4300
Facsimile:   800.715.1330

Attorneys For Defendants
LINDE INC. AND LINDE GAS &
EQUIPMENT INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| WILLIAM TOWNSEND, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINDE INC., a Delaware corporation; LINDE GAS & EQUIPMENT INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date:          None Set<br>Complaint Filed:   February 10, 2025 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF WILLIAM TOWNSEND AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Linde Inc. ("Linde") and Linde Gas & Equipment Inc. ("LG&E") (together, "Defendants") remove the above-captioned action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court, Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds:

**I.      STATEMENT OF JURISDICTION**

1.      This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.     VENUE**

2.  This action was filed in the Superior Court for the State of California, County of San Bernardino. Venue properly lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441, and 1446.

**III.    PLEADINGS, PROCESS, AND ORDERS**

3.  On February 10, 2025, Plaintiff William Townsend ("Plaintiff") filed a Class Action Complaint against Defendants in San Bernardino County Superior Court, titled: *WILLIAM TOWNSEND, as an individual and on behalf of other members of the general*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*public similarly situated, Plaintiff, vs. LINDE INC., a Delaware corporation; LINDE GAS & EQUIPMENT INC., a Delaware corporation; and DOES 1 through 100, inclusive, Defendants*, bearing Case No. CIVSB2504057 (the "Complaint"). The Complaint asserts the following ten causes of action: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); (7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records); (9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); and (10) Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Competition).

4.      On April 8, 2025, Defendant LG&E was served with the Complaint by personal service, along with copies of the Summons, Civil Case Cover Sheet, Certificate of Assignment, Notice of Case Assignment, and Notice of Case Management Conference through Defendant's agent for service of process, United Agent Group Inc. On April 9, 2025, Defendant Linde Inc. was served with these same documents by substituted service. A true and correct copy of the Complaint, Summons, Civil Case Cover Sheet, Certificate of Assignment, Notice of Case Assignment, and Notice of Case Management Conference served upon Defendants is attached as **Exhibit A** to the Declaration of Shiva S. Davoudian ("Davoudian Decl.") In Support of Defendants' Notice of Removal, filed concurrently herewith. Davoudian Decl. ¶ 4, Exh. A.

5.      The Superior Court of the State of California, County of San Bernardino's docket for this matter indicates that on March 12, 2025, the Court Clerk filed a Notice of Case Assignment to Judge Charlie L. Hill, Jr. in Department S30 – SBJC for all purposes, as well as a Notice of Case Management Conference, setting the hearing for September 12,

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

3

2025 at 8:30 a.m.  A copy of the March 12 Notice is included in the documents identified in the prior paragraph.

6.      The Superior Court of the State of California, County of San Bernardino's docket for this matter indicates that on April 10, 2025, Plaintiff filed two Proofs of Service, one for each Defendant as described above.   True and correct copies of these two documents are attached as **Exhibits B and C** to the Davoudian Declaration, filed concurrently herewith. Davoudian Decl. ¶¶ 5-6, Exhs. B and C.

7.      Pursuant to 28 U.S.C. § 1446(d), the attached **Exhibits A, B,** and **C** constitute all process, pleadings and orders served on Defendants or filed or received by Defendants in this action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of California, County of San Bernardino, or served by any party. To Defendants' knowledge, no proceedings related hereto have been heard in the Superior Court of the State of California, County of San Bernardino. Davoudian Decl. ¶ 7.

## IV.   TIMELINESS OF REMOVAL

8.      An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendants within 30 days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Removal of this action is timely because this Notice of Removal has been filed within 30 days from April 8, 2025, when Defendant LG&E was served with the Complaint. 28 U.S.C. § 1446(b). Davoudian Decl. ¶ 4.

## V.   NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

9.      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Arby Aiwazian of Lawyers for Justice, PC, 450 North Brand Blvd., Suite 900, Glendale, California 91203. In addition, a

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

copy of Defendants' Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino. Davoudian Decl. ¶ 10.

## VI. CAFA JURISDICTION

10. CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A. Plaintiff Filed A Class Action Under State Law

11. Plaintiff filed his action as a class action based on alleged violations of California state law. Davoudian Decl., ¶ 4, Exh. A, Complaint ¶¶ 20-47; Prayer for Relief.

### B. The Proposed Class Contains At Least 100 Members

12. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

13. Plaintiff filed this action on behalf of, "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California." Davoudian Decl., ¶ 4, Exh. A, Complaint ¶ 14. In Plaintiff's own words, "[t]he class members are so numerous that joinder of all members is impractical… the class is estimated to be greater than fifty (50) individuals...." *Id.* at ¶ 16.

14. Based on a review of its records, Defendant Linde has employed at least 337 employees working from its California locations from February 10, 2021 to April 14, 2025.

15. Based on a review of its records, Defendant LG&E has employed at least 875

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

employees working from its California locations from February 10, 2021 to March 28, 2025.

16.   As such, there are well over 100 putative class members in this case.

**C.   Defendants Are Not A Governmental Entity**

17.   Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

18.   Both Defendants are corporations, not a state, state official, or other government entity exempt from CAFA.

**D.   There Is Diversity Between At Least One Class Member And One Defendant**

19.   CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.

20.   For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain).

21.   Plaintiff was employed by Defendant Linde from approximately March 21, 2018 to October 23, 2024.[1] Throughout his employment with Linde, Plaintiff's home

---

[1] In his Complaint (at ¶¶ 18-19), Plaintiff alleges, "Defendants, jointly and severally, employed Plaintiff…" However, although Plaintiff's sole employer was Linde, Inc., for purposes of removal, Plaintiff's allegations are taken at face value.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

address was in California.  Declaration of Natalie Henry In Support of Defendants' Notice of Removal ("Henry Decl."), ¶ 6.

22.    Defendants' Counsel ran a LEXIS SmartLinx Person Report on Plaintiff, which confirmed that Plaintiff has continued to reside and currently resides in California. Davoudian Decl., ¶ 9.

23.    Defendants have thus established by a preponderance of the evidence that Plaintiff resides and is domiciled in California, and is, thus, a citizen of California. *See Anderson v. Watts*, 138 U.S. 694, 706 ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

24.    Neither Defendant is a citizen of the State of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

25.    Both Linde Inc. and Linde Gas & Equipment Inc. are Delaware corporations with their principal place of business located in Danbury, Connecticut.  Henry Decl., ¶ 4 and Declaration of Tara Bally In Support of Defendants' Notice of Removal ("Bally Decl."), ¶ 4.

26.    The Supreme Court has explained that a corporation's principal place of business is determined under the "nerve center" test. *See Hertz Corp. v. Friend,* 599 U.S. 77, 80-81 (2010). Under the "nerve center" test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* The Supreme Court further explained in *Hertz* that a corporation's nerve center "should normally be the place where the corporation maintains its headquarters" and that a corporation's nerve center is a "single place." *Id.* at 93.

27.    Both Defendants Linde Inc. and Linde Gas & Equipment Inc. have their corporate headquarters in Danbury, Connecticut. Their corporate offices are also located in Danbury, Connecticut and its executive officers direct, control and coordinate the corporation's activities and executive functions from that location. These activities include, but are not limited to, making decisions regarding corporate policy, the leasing of real

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

estate, legal decisions, significant decisions regarding contracts and other purchasing, public affairs, payroll, revenue management, advertising and marketing. Henry Decl., ¶ 4 and Bally Decl., ¶ 4.

28.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

29.    Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendants (Delaware), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.    The Amount In Controversy Exceeds $5,000,000[2]**

30.    "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). However, the removing party's burden is "not daunting," and Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Ritenour v. Carrington Mortg. Servs. LLC,* 228 F. Supp. 3d 1025, 1031 (C.D. Cal. 2017). Where, as here, the Complaint is silent as to the amount in controversy, a preponderance of the evidence standard applies. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010), *citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

31.    Although Defendants expressly deny any liability for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his claims. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective

---

[2] The alleged damages calculations contained herein are for purposes of removal only. Defendants deny that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserve the right to challenge Plaintiff's alleged damages in this case.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

assessment of defendant's liability. In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover."). Stated differently, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendants might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Investments, Inc.* 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

32.    CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. See 28 U.S.C. § 1332(d). In proffering damages, Defendants are permitted to "rely on a chain or reasoning that includes assumptions," and such assumptions are reasonable if founded on the allegations of the complaint. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).

33.    The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise, "the defendant's amount in controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553. "[N]o antiremoval presumption attends cases invoking CAFA." *Id*. at 554.

34.    Here, Plaintiff does not allege the amount in controversy. When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so, and the notice of removal must simply include "a plausible allegation that the amount

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Company LLC*, 135 S. Ct. at 554.

35.     While Defendants deny Plaintiff's claims of wrongdoing and deny his request for relief therein, as specifically outlined below, the factual allegations in Plaintiff's Complaint and the total amount of damages, penalties, attorneys' fees, and other monetary relief at issue in this action clearly demonstrate that the total amount in dispute is in excess of this Court's jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof [as to CAFA's amount-in controversy requirement], the chain of reasoning and its underlying assumptions must be reasonable." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015); see also, *Perez v. Rose Hills Co.*, No. 25-68, ____ F.3d ___ (9th Cir. Mar. 14, 2025) ("Under *Arias*, the district court should have considered whether the violation rate that Rose Hills assumed was a reasonable interpretation of the complaint.").

36.     Plaintiff seeks to recover damages, penalties, and attorney's fees for alleged failure to pay wages, failure to provide meal and rest breaks and the related failure to provide accurate wage statements or pay all wages at termination; failure to reimburse business-related expenses; and violation of California's Unfair Competition Law. Davoudian Decl. ¶ 4, Exh. A, Complaint, Prayer for Relief (seeking damages and/or penalties pursuant to California Labor Code sections 201, 202, 203, 204, 226, 226.7, and 2802).

37.     Specifically, Plaintiff's Complaint alleges, "Defendants engaged in a pattern and practice of wage abuse…. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law." Davoudian Decl. ¶ 4, Exh. A, Complaint ¶ 26. Plaintiff's Complaint also alleges, "Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits." Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶ 37; see also ¶¶ 54, 64, 73 (Defendants "willfully" failed to pay overtime and "willfully" required putative class members to work through meal and rest breaks without paying them full premiums) and Prayer for Relief, at ¶¶ 5, 10, 17, 23, 30, 35, 39, 44, and 48; s*ee, e.g., Mejia v. DHL Express (USA), Inc.,* 2015 U.S. Dist. LEXIS 67212, *10-11 (C.D. Cal. May 21, 2015) (100% violation rate may be based on allegations of uniformly adopted and maintained policies). Plaintiff alleges there are common questions of law or fact as to the class, including, "Whether Defendants' [*sic*] had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees..."

38.    Plaintiff also alleges that he and putative class members "were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation." Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶ 32.

39.    As noted *supra*, Plaintiff includes a cause of action for violation of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.* Davoudian Decl., ¶ 4, Exh. A, Complaint ¶¶ 112-118. Alleging a UCL violation may extend the statute of limitations for Plaintiff's and the putative class's claim for unpaid meal and rest periods and expense reimbursement from three to four years before the filing of the Complaint. In this case, the statute of limitations is extended to February 10, 2021. *See* CAL. BUS. & PROF. CODE § 17208; *Cortez v. Purolater Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

40.    While Defendants deny Plaintiff's claims of wrongdoing and deny his request for relief therein, as specifically outlined below, the factual allegations in Plaintiff's Complaint and the total amount of damages, penalties, attorneys' fees, and other monetary

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

relief at issue in this action clearly demonstrate that the total amount in dispute is in excess of this Court's jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). "[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof [as to CAFA's amount-in controversy requirement], the chain of reasoning and its underlying assumptions must be reasonable." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

41.    Defendant Linde has employed at least 337 non-exempt employees at its California locations since February 10, 2021. Henry Decl., ¶ 9. Defendant LG&E has employed at least 875 non-exempt employees at its California locations since February 10, 2021. Bally Decl., ¶ 8.

42.    For purposes of removal, Defendants must assume (without conceding) the truth of Plaintiff's allegations for purposes of assessing amount in controversy. Based on a preliminary review of its records, since February 10, 2022, a total of approximately 79 non-exempt employees separated from Linde. Henry Decl., ¶ 10. Meanwhile, since February 10, 2022, a total of approximately 363 non-exempt employees have separated from LG&E. Bally Decl., ¶ 9.

43.    Also, since February 10, 2024, Linde has employed approximately 269 non-exempt employees in California who have worked approximately 14,883 pay periods. Henry Decl., ¶ 11. Since February 10, 2024, LG&E has employed approximately 615 non-exempt employees in California who have worked approximately 29,502 pay periods. Bally Decl., ¶ 10.

44.    The above information is summarized as follows:

    a. Putative Linde Class

- Date range of figures: Feb 10, 2021 – April 14, 2025
- Number of California non-exempt employees: 337
  - Average hourly rate: $38.72

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

12

- Number of workweeks: 48,088
- Former non-exempt employees since February 10, 2022: 79
- Current or former employees since February 10, 2024: 269
  - Number of workweeks since February 10, 2024: 14,883

  b. Putative LG&E Class

- Date range of figures: Feb 10, 2021 – March 28, 2025
- Number of California non-exempt employees: 875
  - Average hourly rate: at least $26.00
  - Number of workweeks: 102,625
- Former employees since February 10, 2022: 363
- Current or former employees since February 10, 2024: 615
  - Number of workweeks since February 10, 2024: 29,502

**1.    Amount In Controversy—Plaintiff's Minimum Wage Claim**

45.    Plaintiff's Fourth Cause of Action alleges Defendants violated California's minimum wage laws by failing to compensate Plaintiff and the putative class members for all hours worked.  Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶¶ 48-56.

46.    When asserting claims for unpaid minimum wages under California Labor Code section 1194, employees may also recover liquidated damages "in an amount equal to the wages unlawfully unpaid and interest thereon."  Cal. Labor Code § 1194.2.  Plaintiff specifically seeks liquidated damages.  Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶ 82.

47.    Plaintiff's Complaint does not specifically allege how Defendants violated minimum wage laws; for example, Plaintiff does not allege he or the putative class were forced to work off-the-clock, nor that there was an unlawful rounding practice. For purposes of establishing the amount in controversy at removal, Defendants need not make Plaintiff's case for him, or prove the amount in controversy to a certainty. Rather, Defendants can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. *Anderson v. Starbucks Corp.*, 2020 WL 7779015, 8 (N.D. Cal. Dec. 31, 2020); *Herrera v.*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*Carmax Auto Superstores California*, LLC, EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at 6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur.  Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.")

48.    This is especially the case since Plaintiff alleges, "Defendants engaged in a pattern and practice of wage abuse." Davoudian Decl. ¶ 4, Exh. A, Complaint ¶ 26; *see Torrez v. Freedom Mortg. Corp.*, No. EDCV 17-867 JGB (KKx), 2017 WL 2713400, *3 (C.D. Cal. Jun. 22, 2017) (finding assumption rate of three hours of overtime per week was reasonable where defendant's assumptions were based on the allegations in the complaint that defendant "engaged in a pattern and practice of wage abuse"); *Stanley v. Distribution Alts., Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2-3 (C.D. Cal. Dec. 6, 2017) (finding that pleading "pattern and practice" supports assumption of two hours of overtime per week when the complaint includes no additional indication of frequency).

49.    There are a total of 1,212 putative class members who worked, conservatively, at least 150,713 workweeks during the relevant time period (consisting of approximately 337 Linde non-exempt employees who collectively worked 48,088 workweeks between February 10, 2021 through April 14, 2025, and approximately 875 LG&E non-exempt employees who collectively worked 102,625 workweeks between February 10, 2021 through March 28, 2025).  During the aforementioned respective time periods, the average hourly base rate is $38.72 for the putative Linde class and at least $26.00 for the putative LG&E class. Henry Decl., ¶ 9 and Bally Decl., ¶ 8.

50.    While Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations, Defendants conservatively estimate that Plaintiff and the putative class members incurred "off the clock work" in the amount of 6 minutes per week during only 75% of possible workweeks.  Accordingly, the amount in controversy for the minimum wage claim could well exceed **$339,766.30**  [$139,647.55 (48,088 Linde workweeks x 0.75 violation rate x $38.72 per hour x 0.1 hours per workweek) + $200,118.75 (102,625 LG&E workweeks x 0.75 violation rate x $26.00 per

14

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

hour x 0.1 hours per workweek)]. When Plaintiff's liquidated damages claim is taken into account, the amount in controversy associated with this claim doubles, for a total amount in controversy of at least **$679,532.60**

### 2. Amount In Controversy—Plaintiff's Unpaid Overtime Claim

51.    In the First Cause of Action, Plaintiff seeks payments for alleged overtime wages. Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶¶ 48-56. Plaintiff alleges "[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week." *Id.* at ¶ 53.

52.    California Labor Code section 510 requires employers to pay non-exempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, non-exempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek. Cal. Labor Code § 510(a).

53.    For purposes of removal only, based on a preliminary review of Defendants' records, there are a total of 1,212 putative class members who worked, conservatively, at least 150,713 workweeks during the relevant time period (consisting of approximately 337 Linde non-exempt employees who collectively worked 48,088 workweeks between February 10, 2021 through April 14, 2025, and approximately 875 LG&E non-exempt employees who collectively worked 102,625 workweeks between February 10, 2021 through March 28, 2025). During the aforementioned respective time periods, the average hourly base rate is $38.72 for the putative Linde class and at least $26.00 for the putative LG&E class. Henry Decl., ¶ 9 and Bally Decl., ¶ 8.

54.    Defendants vigorously deny the validity and merit of Plaintiff's allegations, including any alleged damages. For purposes of removal only, based on the Complaint's allegations, and using a conservative estimate of twelve minutes of unpaid overtime per workweek during 75% of the workweeks at issue, the amount in controversy for the unpaid

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

overtime wage claim totals **$1,019,298.91** [$418,942.66 (48,088 workweeks * 75% * 12 min per workweek * $38.72 * 1.5 overtime rate ); $600,356.25 (102,625 workweeks * 75% *12 min per workweek * 26 * 1.5 overtime rate). *See Torrez v. Freedom Mortg. Corp.*, No. EDCV 17-867 JGB (KKx), 2017 WL 2713400, *3 (C.D. Cal. Jun. 22, 2017) (finding assumption rate of three hours of overtime per week was reasonable where complaint allegations where defendant's assumptions were based on the allegations in the complaint that defendant "engaged in a pattern and practice of wage abuse"); *Stanley v. Distribution Alts., Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2-3 (C.D. Cal. Dec. 6, 2017) (finding that pleading "pattern and practice" supports assumption of two hours of overtime per week); *Herrera v. Carmax Auto Superstores California, LLC*, EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.").

### 3.    Amount In Controversy—Plaintiff's Claim for Meal Premiums

55.    Plaintiff's Second Cause of Action seeks payments for alleged missed meal periods. Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶¶ 57-67. Plaintiff alleges "Defendants willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods." *Id.*, ¶ 64.

56.    An employee denied meal periods may be entitled to an additional hour's wages per day for failure to provide meal periods and an additional hour's pay per day for failure to provide rest periods, at the regular rate of pay. *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021); *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per workday and one rest break violation per workday).

57.    Plaintiff's Complaint alleges "a pattern and practice of wage abuse" including missed meal and rest breaks. Davoudian Decl. ¶ 4, Exh. A, Complaint ¶ 26. This implies Plaintiff contends these alleged violations occurred routinely and frequently. *Baker v.*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

16

*Propak Logistics, Inc.*, No. EDCV191241JGBSHKX, 2019 WL 4168998, at *3–5 (C.D. Cal. Sept. 3, 2019) ("Though an allegation of 'pattern and practice' of violations may not support the assumption that a violation occurred at every opportunity, it does imply that violations occurred routinely and frequently, and not occasionally or sporadically. Defendant's assumptions of a 40% meal break violation rate and 20% rest break violation rate are therefore reasonable."); *Mariscal v. Arizona Tile, LLC*, No. 820CV02071JLSKES, 2021 WL 1400892, at *2–3 (C.D. Cal. Apr. 14, 2021) ("While the assumptions made in support of the amount in controversy calculation must be reasonable, Arizona Tile is not obligated to research, state, and prove the plaintiff's claims for damages. The assumed violation rate of 25% is conservative and reasonable in light of Mariscal's failure to offer any alternative limiting principle or rebuttal evidence.") (internal citations and quotations omitted).

58.     While Defendants deny the validity and merit of Plaintiff's missed meal period claim, for purposes of removal only, based on a preliminary review of the records, the putative Linde class of 337 employees worked 48,088 workweeks during the period from February 10, 2021 through April 14, 2025, and the average hourly base rate of pay for non-exempt employees during this time period is $38.72; meanwhile, the putative LG&E class of 875 employees worked 102,625 workweeks during the period from February 10, 2021 through March 28, 2025, and the average hourly base rate of pay for non-exempt employees during this time period is $26.00. Henry Decl., ¶ 9 and Bally Decl., ¶ 8.

59.     Using a conservative estimate that in 50% of workweeks, putative class members did not receive, on average, one compliant meal period once a week, and applying the average hourly base rate of pay, the amount in controversy for the meal period claim is at least **$2,265,108.68** [$930,983.68 (48,088 eligible Linde workweeks x 0.50 violation rate x 1.0 missed meal breaks per week x $38.72 average hourly rate) + $1,334,125.00 (102,625 eligible LG&E workweeks x 0.50 violation rate x 1.0 missed meal breaks per week x $26.00 average hourly rate)].

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

17

### 4.    Amount In Controversy—Plaintiff's Claim for Rest Premiums

60.    Plaintiff's Third Cause of Action seeks payments for alleged missed rest periods. Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶¶ 68-76. Plaintiff alleges "Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods." *Id.*, ¶ 73.

61.    As stated above, an employee denied rest periods may be entitled to an additional hour's wages per day for failure to provide rest periods, at the regular rate of pay. *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021); *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010).

62.    While Defendants deny the validity and merit of Plaintiff's missed rest period claim, for purposes of removal only, based on a preliminary review of the records, the putative class of 337 individuals worked 48,088 workweeks during the period from February 10, 2021 through April 14, 2025, and the average hourly base rate of pay for non-exempt employees during this time period is $38.72; meanwhile, the putative LG&E class of 875 individuals worked 102,625 workweeks during the period from February 10, 2021 through March 28, 2025, and the average hourly base rate of pay for non-exempt employees during this time period is $26.00. Henry Decl., ¶ 9 and Bally Decl., ¶ 8.

63.    Using a conservative estimate that putative class members did not receive two compliant rest periods a week in 50% of the workweeks, and applying the average hourly base rate of pay, the amount in controversy for the rest period claim is at least **$4,530,217.36** [$1,861,967.36 (48,088 eligible Linde workweeks x 0.50 violation rate x 2.0 missed rest breaks per week x $38.72 average hourly rate) + $2,668,250 (102,625 eligible LG&E workweeks x 0.50 violation rate x 2.0 missed rest breaks per week x $26.00 average hourly rate)].

### 5.    Amount In Controversy—Plaintiff's Claim for Waiting Time Penalties

64.    In his Fifth Cause of Action, Plaintiff seeks waiting time penalties pursuant to Cal. Lab. Code § 203. Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶¶ 83-88 ("Defendants

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

18

intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.").

65. The statute of limitations for Plaintiff's Cal. Lab. Code § 203 waiting time penalty claim is three years. *Pineda v. Bank of America*, N.A., 50 Cal. 4th 1382, 1935 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

66. Plaintiff demands up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for the putative class. Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶ 88.

67. Defendants deny the validity and merit of Plaintiff's waiting time penalties claim. For purposes of removal, based on a preliminary review of their records, Defendants estimate 79 putative Linde class members have separated from employment between February 10, 2022 and April 14, 2025 (with an estimated average hourly rate of $38.72), and Defendants estimate 363 putative LG&E class members have separated from employment between February 10, 2022 and March 28, 2025 (with an estimated average hourly rate of $26.00).

68. Although Defendants deny Plaintiff's allegations, including any alleged damages, based on the reasonable assumption that 75% of the putative class members allegedly worked off-the-clock and therefore could receive waiting time penalties for thirty days, an estimate of the amount in controversy related solely to waiting time penalties could exceed **$2,249,438.40** [$550,598.40 (8 hours a day x 30 days x $38.72 hourly rate x 79 employees x 0.75 violation rate) + $1,698,840.00 (8 hours a day x 30 days x $26.00 hourly rate x 363 employees x 0.75 violation rate)].

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**6.    Amount In Controversy—Plaintiff's Claim for Inaccurate Wage Statements**

69.    In his Seventh Cause of Action, Plaintiff seeks recovery as a result of Defendants' alleged failure to provide accurate, itemized wage statements. Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶¶ 95-101. Plaintiff alleges, "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements." *Id.* at ¶ 97.

70.    Cal. Lab. Code § 226(e) provides for a statutory penalty for violations of Cal. Lab. Code § 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code § 226(e) penalties is one year. Cal. C.C.P. § 340.

71.    For purposes of removal, based on a preliminary review of Defendants' records, 269 putative Linde class members worked at least 14,883 pay periods in California from February 10, 2024 to April 14, 2025. Assessing damages at $50 for the first pay period and $100 for subsequent pay periods, to a cap of $4,000, puts a total of **$992,250** in controversy for Linde.

72.    For purposes of removal, based on a preliminary review of Defendants' records, at least 615 putative LG&E employees have worked at least 29,502 pay periods since February 10, 2024. Of those employees, 457 worked at least 41 pay periods, so their wage statement penalties are $4,000 each. The remaining 158 employees averaged more than 18 pay periods each, or damages of $1,750 each. Thus, the total amount in controversy for this claim for LG&E is **$2,104,500** [(457 employees * $4,000) + (158 employees * $1,750)].

73.    The potential cumulative amount in controversy is **$3,096,750**. Defendants deny the validity and merit of Plaintiff's wage statement claim. However, any proven off-the-clock work would render a wage statement inaccurate. For purposes of removal,

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

Defendants assume there was a violation in 75% of pay periods. Thus, assuming that 75% of the possible pay periods had an incorrect wage statement, the amount in controversy for Plaintiff's wage statement claim is at least **$2,322,562 [**$3,096,750 * .75].

**7.   Amount In Controversy—Plaintiff's Claim for Unreimbursed Business Expenses**

74.   Plaintiff's Ninth Cause of Action alleges "Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs." Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶ 110. Plaintiff alleges he and the class members are entitled to reimbursement of expenses plus interest and attorneys' fees and costs. Davoudian Decl., ¶ 4, Exh. A, Complaint, ¶ 111 and Prayer for Relief ¶ 51. Plaintiff's letter to the LWDA alleges that Plaintiff and the individuals he seeks to represent used personal cellular phones for work. Davoudian Decl., ¶ 9, Exh. D.

75.   From the period February 10, 2021 through April 14, 2025, Defendant Linde employed 337 non-exempt employees in California, who collectively worked approximately 48,088 workweeks, or approximately 12,022 months (48,088 divided by 4 weeks per month). From the period February 10, 2021 through March 28, 2025, Defendant LG&E employed 875 non-exempt employees in California, who collectively worked approximately 102,625 workweeks, or approximately 25,656 months (102,625 divided by 4 weeks per month).

76.   While Defendants deny the validity and merit of Plaintiff's unreimbursed business expenses claim, for purposes of removal only, if Plaintiff and 80% of the putative class incurred $35.00 in monthly expenses for use of personal cellular phones, then Plaintiff has placed at least **$1,054,991.00** in controversy [$336,616 ([48,088 Linde workweeks / 4 weeks per month] x $35 per month x 0.80 violation rate) + $718,375 ([102,625 LG&E workweeks / 4 weeks per month]) x $35 per month x 0.80 violation rate)].

**8.   Amount In Controversy—Plaintiff's Claim for Attorneys' Fees**

77.   Plaintiff seeks attorneys' fees and costs in his Complaint. Davoudian Decl.,

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

21

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

¶ 4, Exh. A, Complaint, Prayer for Relief, ¶¶ 8, 15, 27, 51, and 56. Plaintiff's Complaint also alleges claims – for example, inaccurate wage statements – which allow for the recovery of attorneys' fees. Cal. Lab. Code § 218.5.

78. It is well-settled claims for statutory attorneys' fees are to be included in the amount in controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 549 U.S. 822 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") and *Arias*, 936 F.3d at 922 (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)) ("when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees **must** be included in the assessment of the amount in controversy.") (emphasis added).

79. In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

80. The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Espinosa v. Genesis Healthcare, Inc.*, No.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

22

220CV00688JFWJEMX, 2020 WL 10641865, at *4–5 (C.D. Cal. Mar. 31, 2020) ("In the absence of countervailing evidence from Plaintiff, the preponderance of the evidence supports applying the 25% attorneys' fee benchmark for purposes of calculating the amount in controversy in this case.").

81.    Based on Plaintiff's allegations, the amount in controversy for his claims totals **$14,121,149.45**. Taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by **$3,530,287.36** for a total amount in controversy of **$17,651,436.81**.

## VII.   SUMMARY

82.    Removal of this action is therefore proper as the alleged class is comprised of at least 100 individuals, the parties are diverse, and the aggregate value of Plaintiff's class causes of action for rest periods pay and premiums, waiting time penalties, non-compliant wage statements, unreimbursed expenses, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5 million. See 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claim | Amount in Controversy Estimate for Linde, Inc. | Amount in Controversy Estimate for Linde Gas & Equipment, Inc. |
|---|---|---|
| Minimum Wage & Liquidated Damages | $279,295.10 | $400,237.50 |
| Unpaid Overtime | $418,942.66 | $600,356.25 |
| Meal Break Premiums | $930,983.68 | $1,334,125.00 |
| Rest Break Premiums | $1,861,967.36 | $2,668,250.00 |
| Waiting Time Penalties | $550,598.40 | $1,698,840.00 |
| Inaccurate Wage Statements | $744,187.50 | $1,578,375.00 |
| Unreimbursed Business Expenses | $336,616.00 | $718,375.00 |

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

23

| Plaintiff's Alleged Claim | Amount in Controversy Estimate for Linde, Inc. | Amount in Controversy Estimate for Linde Gas & Equipment, Inc. |
|---|---|---|
| Attorneys' Fees | $1,280,647.68 | $2,249,639.69 |
| **Amount in Controversy** | **$6,403,238.38** | **$11,248,198.44** |

83.     Accordingly, although Defendants deny Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

84.     WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division.

Dated:  May 8, 2025                          LITTLER MENDELSON, P.C.


                                            /s/ Shiva S. Davoudian
                                            Shiva S. Davoudian
                                            Lauren Manso
                                            Attorneys For Defendants
                                            LINDE INC. AND LINDE GAS &
                                            EQUIPMENT INC.

4934-0830-1371.7 / 097158.1016

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT